**Hanis HENSON, Petitioner,**

v.

**William DIXON, Judge of Clay Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Oct. 11, 1957.

T. T. Burchell, Manchester, for petitioner.

William Dixon, pro se.

CULLEN, Commissioner.

Hanis Henson has petitioned this Court for an order of mandamus requiring Judge William Dixon of the Clay Circuit Court to rule on a motion for a new trial tendered by Henson after conviction on a felony charge.

On February 7, 1957, Henson was tried in the Clay Circuit Court on a charge of murder. The jury returned a verdict finding him guilty of voluntary manslaughter and fixing his punishment at 21 years in the penitentiary. A document styled "Order and Judgment" was prepared under date of February 7, but it was not in fact a judgment, in conformity with Section 284 of the Criminal Code of Practice; it merely recited the facts concerning the holding of the trial and the return of the verdict. Furthermore it appears that this order was not signed during the term.

The term ended on February 9, which was a Saturday. On Monday, February 11, Henson tendered his motion and grounds for a new trial, but the trial judge refused to allow the same to be filed, and refused to rule on the motion. It is recited in Henson's petition to this Court, and in the response of the judge that Henson was "sentenced" thereafter on February 11, but the

order of sentence, which presumably constituted the judgment in the case (see Lovelace v. Commonwealth, 285 Ky. 326, 147 S.W.2d 1029) has not been supplied in the record before us, notwithstanding our request to the respondent that he transmit a copy of the judgment.

From the record before us, it appears that judgment was not entered during the term at which the trial was held, and that the motion for a new trial was made before judgment was entered, after the term. Under Section 273 of the Criminal Code the motion was made in time, so as to require a ruling upon it by the judge.

Accordingly, an order will issue commanding the respondent to direct the filing of and to rule upon the motion and grounds for a new trial made by Henson in the case hereinbefore described.